UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jermaine Aquarius Edison, ) | C/A No. 9:17-cv-01754-DCC |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| M. Travis Bragg, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner, proceeding pro se, is seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. Respondent filed a Motion to Dismiss or, in the alternative, for Summary Judgment on September 29, 2017. ECF No. 19. On October 3, 2017, a *Roseboro* order was entered by the Court and mailed to Petitioner, advising Petitioner of the importance of a dispositive motion and the need for Petitioner to file an adequate response. ECF No. 20. Petitioner did not respond to the Motion to Dismiss or, in the alternative, for Summary Judgment.[1]

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Bristow Marchant for pre-trial proceedings and a Report and Recommendation ("Report"). On January 17, 2018, the Magistrate Judge issued a Report recommending that Respondent's Motion to Dismiss or, in the alternative, for Summary Judgment should be granted and the Petition be dismissed. ECF No. 31. The Magistrate Judge

---

[1] On October 16, 2017, Petitioner filed a Motion to Compel stating that he had not received Respondent's Motion. ECF No. 22. The Magistrate Judge granted Petitioner's Motion and directed Respondent to file a certificate of service showing service of its Motion on Petitioner. ECF No. 24. The Magistrate Judge further ordered Petitioner to file his response to the Motion to Dismiss or, in the alternative, for Summary Judgment within 30 days from the date shown on the certificate of service. Respondent complied with the order; however, Petitioner still failed to respond to the Motion to Dismiss or, in the alternative, for Summary Judgment.

advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Petitioner has filed no objections, and the time to do so has passed.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

After considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court finds no clear error and agrees with the Report's recommendation that Respondent's Motion should be granted and the Petition should be dismissed. Accordingly, the Court adopts the Report by reference in this Order. Respondent's Motion to Dismiss or, in the alternative, for Summary Judgment is **GRANTED** and the Petition is dismissed.

In addition, a certificate of appealability will not issue to a prisoner seeking habeas relief absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his

constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In this case, the Court finds that the petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the Court declines to issue a certificate of appealability.

      IT IS SO ORDERED.

                                      s/ Donald C. Coggins, Jr.
                                      United States District Judge

February 12, 2018
Spartanburg, South Carolina